

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2006

# Ray v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2962

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ray v. Comm Social Security" (2006). *2006 Decisions.* Paper 1213.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1213

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-2962
_____

JANICE M. RAY,
Appellant

v.

JO ANNE BARNHART, COMMISSIONER
OF SOCIAL SECURITY
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 03-cv-00394)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
February 23, 2006

Before: ROTH, RENDELL and AMBRO, Circuit Judges.

(Filed: April 26, 2006 )
_____

OPINION OF THE COURT
_____

PER CURIAM

       In April 1981, the Commissioner of Social Security granted benefits to appellant

Janice Ray, determining that she was disabled within the meaning of the Social Security

Act due to Systemic Lupus Erythematosus and Discoid Lupus Erythematosus. Ms. Ray

continued to receive benefits until 1989, when it was determined that she was financially ineligible due to income from her employment. In 1991, Ms. Ray again qualified for benefits. On April 14, 1997, however, the Commissioner stopped Ms. Ray's benefits due to her failure to attend a consultative medical examination. Eventually, Ms. Ray received a hearing before an Administrative Law Judge ("ALJ") on the merits of her claim, at which time she was represented by counsel, and she also eventually had the consultative medical examination.[1]

At this hearing, updated medical reports and vocational reports were submitted. On September 24, 1999, the ALJ determined that, as of April 1, 1997, Ms. Ray no longer was under a disability in that she was able to perform certain light occupations that existed in significant numbers in the local and national economy. Ms. Ray appealed the Commissioner's decision by filing suit in United States District Court for the Middle District of Pennsylvania in Ray v. Comm'r of Social Security, D.C. Civ. No. 00-cv-1619. In response to the lawsuit, the Commissioner filed an unopposed motion for a remand, which was granted, for consideration of whether Ms. Ray was involved in a vocational rehabilitation program as of April 1, 1997, and whether Ms. Ray's completion of the program would significantly increase the likelihood that she would be removed permanently from the disability benefit rolls. A finding in her favor would warrant

---

[1] Inasmuch as we write primarily for the parties, and they are acquainted with the background of this case, we will not discuss it in detail, except as may be helpful to our brief discussion.

continuation of her benefits under 20 C.F.R. § 404.316(c)(1) (discussing when benefits may be continued even though impairment is no longer disabling).

On remand, and at her July 2002 supplemental hearing before a different ALJ, Ms. Ray contended that her benefits should be continued because she was receiving vocational counseling from the state agency, and taking college courses in accordance with a rehabilitation plan, in order to become better qualified for employment. Among many other things, including the testimony, the ALJ considered an April 16, 2002 telephone report by Mr. Larry Puderbach of the Pennsylvania Office of Vocational Rehabilitation ("OVR") that OVR had provided counseling to Ms. Ray during the relevant time period but her course load was too light to warrant funding by OVR.

In a decision issued in August 2002, the ALJ concluded that Ms. Ray's enrollment in a vocational rehabilitation program was not likely to remove her from the disability rolls within the meaning of 20 C.F.R. § 404.316(c)(1)(iv)[2]. The Appeals Council denied Ms. Ray's request for review, and again she appealed by filing suit in United States District Court for the Middle District of Pennsylvania. Acting pro se, she framed her challenge as one addressing whether her enrollment in a vocational rehabilitation program entitled her to a continuation of benefits. In an order entered on April 11, 2005, the District Court determined that substantial evidence supported the ALJ's determination.

_____

[2]As of June 24, 2005, paragraph (c) of 20 C.F.R. § 404.316 was revised, as such the relevant language of 20 C.F.R. § 404.316(c)(1)(iv) is now comprised within 20 C.F.R. § 404.316(c)(1)(iii).

Ms. Ray appeals.

In her informal brief, Ms. Ray contends, as she did in the District Court, that she was participating in a vocational rehabilitation program in April 1997, and taking courses at the Pennsylvania College of Technology, and therefore her benefits should have been continued under 20 C.F.R. § 404.316(c)(1). (Appellant's Br. 7). She contends that the ALJ improperly relied on a single piece of evidence – the April 2002 telephone report – in determining that she did not qualify for a continuation of benefits, and she also argues that she was taking a full-time course load, but, in any event, a full-time course load and funding by OVR is not relevant to eligibility for continuation of benefits under the regulation. (Appellant's Br. 7, 11). Finally, she contends that the ALJ's decision is not supported by "clear and convincing evidence." (Appellant's Br. 23).

We have jurisdiction under 28 U.S.C. § 1291. Our review is limited to determining whether substantial evidence supports the ALJ's decision and whether the correct law has been applied. 42 U.S.C. § 405(g). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing Pierce v. Underwood, 487 U.S. 552, 555 (1988)).[3] We conclude that substantial evidence supported the ALJ's decision denying Ms. Ray continuation of disability benefits under 20 C.F.R. §

---

[3] We thus reject Ms. Ray's assertion that we cannot uphold the ALJ's decision unless it is supported by clear and convincing evidence.

404.316(c)(1).

Section 404.316(c)(1) provides, in pertinent part, that: "Your benefits . . . may be continued after your impairment is no longer disabling if – (ii) You are participating in an appropriate program of vocational rehabilitation, that is, one that has been approved under a State plan . . . ; (iii) You began the program before your disability ended; and (iv) . . . your completion of the program, or your continuation in the program for a specified period of time, will significantly increase the likelihood that you will not have to return to the disability benefit rolls." 20 C.F.R. § 404.316(c)(1) (2005).

The record evidence shows that Ms. Ray first came to the Office of Vocational Rehabilitation for vocational counseling in September 1996. A.R. 479-82. She began classes at the Pennsylvania College of Technology in January 1997. A.R. 112, 318. She was working toward a Bachelor of Science degree in information technology and was expected to graduate in May 2000. A.R. 331. She testified that she last attended classes in December 2000 and still needed eight more classes before she could earn an associate's degree. A.R. 546-47, 549. The record also shows that, on September 27, 1996, Ms. Ray met with a vocational counselor and completed an "Individualized Written Rehabilitation Program," reflecting that compliance in her case meant taking a full-time course load and maintaining a cumulative grade point average of 2.0. A.R. 534-37.

In deciding against Ms. Ray, the ALJ found that there was no specific plan or schedule indicating when, if ever, she would complete the program. At the

5

time of the administrative hearing in July 2002, she still required eight classes to achieve her associate's degree even though she had been attending school for almost four years before she quit in December 2000. The ALJ concluded that Ms. Ray's participation in a program of her own design was not enough to justify continued payment of social security benefits.

The ALJ's conclusion that Ms. Ray's participation was less than full-time is reasonable and supported by substantial evidence in the record. The ALJ did not rely on a single piece of evidence, that is, the telephone report, in making this determination, and, in any event, the issue of OVR's funding was not central to the ALJ's decision. The ALJ appropriately relied upon the individualized program, the telephone report, and the testimony in reaching his decision. Although the record is less than clear on how many courses Ms. Ray actually was taking at any given time, her assertion that she was taking a full course load has no evidentiary support in the record. Furthermore, none of Ms. Ray's arguments address the fact that she signed off on and "accepted" the September 1996 "Individualized Written Rehabilitation Program," requiring her to maintain a full-time course load. A.R. 534.[4] As explained by the ALJ, although she received counseling, Ms. Ray was not bound by the rules, and instead designed her own schedule and took courses at a frequency determined by her.

---

[4] The requirement to take a full-time course load appears in Ms. Ray's October 2001 "Individualized Plan For Employment" as well. A.R. 532.

Therefore, substantial evidence supports the ALJ's determination that Ms. Ray was not entitled to a continuation of benefits pursuant to 20 C.F.R. § 404.316(c)(1) based on her participation in a vocational rehabilitation program. The ALJ reasonably found that Ms. Ray was not participating in a plan of vocational rehabilitation that would significantly increase the likelihood that she would not return to the disability benefit rolls.

We will affirm the order of the District Court denying Ms. Ray's appeal of the decision of the Commissioner of Social Security.